**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jerry Allen LEQUIRE, Charles Allen Lequire, Gene Edward Lequire, James Thomas Lequire, William Michael Lequire, Bonnie Sue Anders and Michael Carl Jenkins, Defendants–Appellants.**

**No. 91–8047.**

United States Court of Appeals,
Eleventh Circuit.

May 29, 1991.

Jay L. Strongwater, Atlanta, Ga., for J.T. Lequire.

Michael J. Trost, Atlanta, Ga., for Jerry Allen Lequire.

William Morrison, Atlanta, Ga., for Charles L. Lequire.

Douglas N. Peters, Decatur, Ga., for Gene Lequire.

Glenn Zell, Atlanta, Ga. (Court-appointed), for Wm. Michael Lequire.

Barry W. Lombardo, Atlanta, Ga. (Court-appointed), for Bonnie Sue Anders.

Martin J. Weinstein, Asst. U.S. Atty., Atlanta, Ga., for U.S.

Before HATCHETT, CLARK and DUBINA, Circuit Judges.

PER CURIAM:

In this expedited appeal, all the appellants claim that the district court erred in ruling that the present prosecution for dynamiting radio towers in the Northern District of Georgia does not constitute double jeopardy, in view of the appellants' prior prosecutions and convictions in the Middle District of Alabama for Racketeer Influenced and Corrupt Organizations Act

(RICO) charges, and conspiracy to commit RICO, where the present indictment charges as offenses three activities which were predicate acts in the first prosecution. In a simpler form, the appellants claim that they may not be prosecuted in the Northern District of Georgia for dynamiting radio towers because those acts were predicate acts in a RICO case in the Middle District of Alabama.

We recently spoke to this issue in *United States v. Gonzalez*, 921 F.2d 1530 (11th Cir.1991). In *Gonzalez*, we held that the double jeopardy doctrine does not preclude a prosecution for violating RICO, or for conspiring to participate in drug smuggling operations, even though predicate acts of transporting conspiracy members in interstate commerce and introducing them to the leader of the smuggling operation had been part of the conduct for which defendant had previously been convicted.[1]

The appellants urge us to find that the sequence of prosecutions in this case is so different from that in *Gonzalez*, that a different rule should apply. In *Gonzalez*, in the second case, the government charged the appellant with RICO, which contained predicate acts from the first prosecution. In this case, the appellants were convicted of RICO substantive and conspiracy charges and in this second prosecution the government has charged overt acts from the first prosecution. The only difference in the cases is that in *Gonzalez*, the RICO action came second while in this case the RICO action came first. The reversal in sequence does not require a change in the law. The situations are not distinguishable. We are bound by *Gonzalez*.[2]

Accordingly, the district court is affirmed.

AFFIRMED.

---

1. *Gonzalez* is a companion case to the first case in which these appellants were convicted.

2. In *Gonzalez* we considered the views of other circuits on this issue.